## MACKIE v. ERHARDT, Collector.

### (Circuit Court, S. D. New York. October 6, 1893.)

CUSTOMS DUTIES—CLASSIFICATION—"THOMPSON'S PATENT PRUNE WINE."

So-called "Thompson's Patent Prune Wine," being a compound composed principally of raisins and prunes crushed in water and fermented, to which mixture alcohol was added after fermentation, to preserve the compound from souring and spoiling, the alcohol at the time of importation varying between 14.6 and 16.28 per cent. by weight, *held* properly dutiable, as an "alcoholic compound," at two dollars per gallon for the alcohol contained therein, and 25 per cent. ad valorem under Schedule A (Tariff Ind., New, par. 103) of the tariff act of March 3, 1883, and nor under section 2513, Rev. St. U. S., as amended by the said tariff act, at 20 per cent. ad valorem, as a nonenumerated manufactured article.

### At Law.

Action against the collector of the port of New York to recover amount of duties alleged to have been paid in excess on importations of certain so-called "Thompson's Patent Prune Wine" entered by the plaintiff, importer, at the port of New York during the months of July, August, and October, 1889, which merchandise was assessed for duty by the defendant collector as an "alcoholic compound," and duty assessed thereon at the rate of two dollars per gallon for the alcohol contained and 25 per cent. ad valorem, under the provisions of Schedule A (Tariff Ind., New, par. 103) of the tariff act of March 3, 1883, which is as follows: "103. Alcoholic compounds, not otherwise specially enumerated or provided for, two dollars per gallon for the alcohol contained and twenty-five per centum ad valorem." Against this classification the plaintiff duly protested, claiming the importations to be dutiable under the provisions of section 2513, Rev. St. U. S., as amended by the tariff act of March 3, 1883, at 20 per cent. ad valorem, as a nonenumerated manufactured article. The importer duly appealed to the secretary of the treasury, who affirmed the assessment of duty by the collector. From the testimony of the manufacturer, taken by deposition, it appeared that the prune wine in question was manufactured in Dublin, Ireland, by crushing raisins and prunes in water, allowing the resulting compound to ferment, drawing the liquid into casks, and depositing the same in bonded wharehouse, where a certain amount of alcohol was added to the mixture by the British excise or customs officers at the cost of and on behalf of the manufacturer; that about 6 per cent. of acohol was evolved by the fermentation of the raisins and prunes, and that this amount, together with the alcohol added by the British excise officers, was necessary to prevent the compound from further fermenting and becoming sour and unmerchantable; that the prune wine would not be a salable article without the presence of the alcohol contained therein. It also appeared from the testimony that the liquor was never used as a beverage in the nature of wine, but was employed exclusively in mellowing and aging whiskies and other liquors. On the trial it was proved by the chemist's reports furnished to the appraiser that the amount of alcohol contained in the merchandise as imported varied between 14.6 per cent. and 16.28 per cent. by weight, and by volume between 18.9 and 20 per cent. It was also shown by the testimony that this so-called "prune wine" assimilated in many essential particulars as to composition and use to the so-called "prune juice" of commerce. At the close of the testimony the United States attorney moved the court to direct a verdict in favor of the defendant, on the ground that the evidence showed the liquor to be an alcoholic compound, containing alcohol in large percentages; that there was no adjudicated case holding that any specific amount or percentage of alcohol was necessary to constitute the article an alcoholic compound; that, if not an alcoholic compound, the merchandise was dutiable by similitude to "fruit juice," under Schedule G (Tariff Ind. New, par. 301) of the tariff act

of March 3, 1883, and section 2499, Rev. St. U. S., which, however, could not be allowed in this case, inasmuch as this latter claim was not raised by the protests of the importer.

Stephen G. Clarke, for plaintiff.

Edward Mitchell, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge, (orally.) The phrase "alcoholic compounds," in its ordinary signification, is sufficiently comprehensive to include these articles. I have not heard, in the case presented here, sufficient, in my judgment, to warrant the conclusion that it is used by congress in any other than its ordinary signification. It may be that these articles are otherwise specially enumerated and provided for in the act, but there is no specific testimony to that effect, nor does the protest so claim. It simply claims that they are nonenumerated articles. It stands or falls by the phraseology of paragraph 103. I think the articles are alcoholic compounds, within the meaning of that paragraph, and shall direct a verdict for the defendant.